Good morning, your honors. Adam Axelrod here on behalf of defendant and appellant Maria Esther Figueroa. Hold on a second. Make sure we're all on the same page here. Yeah, I'm still looking for it. It's okay. It's more important that you be on the right page than they are. So, I think I'm... Well, I'll find it in due time. Go ahead and I'll catch up with you. Okay. It's somewhere in there. Two main issues that were raised in this appeal, one regarding sentencing entrapment and another with regard to the reasonableness of the sentence. With respect to the sentencing entrapment issue, I think probably the most central problem that I found with the district court was that it seemed to maybe misunderstand exactly what sentencing entrapment was because it seemed to look at it as more of an entrapment issue. And those are two very different things, at least as I understand them. Well, one thing that I have to say on the entrapment thing, your client had a prior drug charge, correct? Correct. That, you know, I mean, generally if you want to claim entrapment and that you're not predisposed to do a certain thing, I mean, she has a completely separate event, you know, different officers, different situation, and she's got a conviction for, you know, a major narcotics charge. That's a pretty serious nail in the coffin when you're trying to claim that, you know, you weren't ready and willing to do something. And here's exactly the point that I think is subtle but very important, and that is that this isn't, sentencing entrapment is not entrapment. Entrapment is a situation where you have someone who may be not predisposed to commit the crime and you, by the government's, you know, urging and involvement, then does it. Sentencing entrapment is not that. That is where the government, by virtue of its agents, causes the transaction to be much larger than it otherwise would have been. Your argument is that they piled on the amount to get the minimum, mandatory minimums in the sentencing range up. I mean, I don't know what their thinking was, but from looking at the evidence, it sure looks to me that the government attempted to make this as big a transaction as possible. And just with a what, well, you say you're not sure what their motivation was, what would be, what was the district court then supposed to focus on if it wasn't motivation? Well, I think the district court should have focused on that. From the district court's comments, what I understood the district court to be thinking was whether this was entrapment or not, not sentencing entrapment, because the court's comments were, well, you were predisposed to commit this crime. But also said you were ready and willing to produce that particular amount. Things just sort of went awry and you couldn't come up with the amount, right? So that would sort of indicate an understanding of that. Well, I'm not sure if the district court did say that. And she apologized or she seemed to be upset that they, you know, you need to give us more time if you want to get that amount or something along those lines. Well, there was obviously a great deal of difficulty coming up with it. They, in the end, came up with less than half. And even that was due to adding other things to the mixture. And just to go back for a second, because you pointed out that my client did have a previous conviction, but if you look at the amount involved in that, it was, I think, one one-hundredth of the amount involved in this transaction. So I think there was quite a bit of evidence that there could have very well been sentencing entrapment in this case. I just think on any entrapment argument, you have a better argument if you're Mother Teresa than if you have a prior drug conviction. No argument, Your Honor, with that point of view. I mean, if I were representing your client, I would much prefer having Mother Teresa in response. But if your client were Mother Teresa, then it really would be a miracle and we really would be talking about a different issue. Yes. Let me move on to the unreasonableness of the sentence. First of all, the court didn't really give any explanation for its tenure term other than the mandatory minimum. And I understand that there's cases that sort of assume that there's no conflict or that there's no problem between what Booker basically told district courts to do, and that is to make the sentence reasonable and to look at all these factors. Well, to get under the mandatory minimum, she had to succeed on the entrapment, right? That's correct. Except for the fact that what I'm talking about with respect to the reasonableness of the sentence, see, to me, when I look at those two questions, there's no way to make them jive. Because on one hand, you've got district courts ordered to look at everything in the case under 3553 and to craft a reasonable sentence. On the other hand, there's this mandatory minimum. But I look at this case, I look at Ms. Figueroa, I look at her background, I look at the fact that the last time she went to jail was for four months. And if you look at what went on, you can see that she got involved with this guy who was basically leading her astray. I'm not saying she doesn't bear some blame for what she did, but her life for 38 years didn't involve any of this. And then she gets involved with this guy and she starts doing these things. But her last sentence, four months, now she's going away for 10 years. And I just don't see how that is reasonable. And your argument that it's post-Booker that the district court could ignore the mandatory minimum and sentence below it without finding sentence entrapment? I think that there's got to be some way for that to be worked out. I don't see how they fit together because, you know, I tend to... Any court so ruled as yet? Not that I know of. You're leading us into uncharted waters. I suppose so. In some areas, it would be called on the thin ice, but I don't... Okay, well, we understand the argument. Actually, you're not the first to have urged it, but it is a bit of an uphill fight on that one. Of course, yes. Thank you. Thank you very much. Thank you. Good morning. Carrie Curtis Axel on behalf of the United States. Why isn't he right that the issue isn't her proclivity? It's really the question of what the government was doing to drive up the amount of drugs to bring it to the higher level. Where's the focus on that aspect of it? It's interesting, Your Honor, because the courts... This court has used various articulations of what it is, what sentencing entrapment entails, and the government would submit that whatever case we look at that explains that standard, that standard was met here. I think it is clear that the court did both look at... Which case would you like us to look at? Well, Your Honor, I think that the key ones that we've cited in our papers are Naranjo and Stauffer, and those cases are sentencing entrapment cases. Naranjo says that in order to prevail on a claim of sentencing entrapment, a defendant would have to show that she has neither the intent nor the resources to complete the transaction. And Stauffer actually does reference predisposition. It says that the defendant either has to have a predisposition or to lack the capacity. And it seems to me that the district court here, in saying that the defendant was ready and willing, is directly addressing those factors. Naranjo says the defendant has to have neither the intent nor the resources. So when the district court says that she was ready and willing, he means that she had the capacity, the resources, and the intent. She was ready, meaning she had the capacity, and willing, meaning she had the intent. Well, I guess why doesn't, let's see, appellant and her co-defendant cut the meth, I think, and had to delay several times to come up with the 10.5 pounds. Half of the original requested 25. Does this prove that she was predisposed to sell a smaller quantity? I think that's what he's, I think that's what her counsel is putting forth. I mean, because I indicated the predisposition. She's got sort of a problem there with her prior conviction. But what about, does that, do those facts indicate a predisposition to sell a smaller quantity, and therefore it would be sentencing entrapment? No, Your Honor, I would say not on these facts. I mean, she agreed, first of all, to sell 25 pounds. And then she actually made every effort to come up with as many pounds as she could put together, and that was 10.5 pounds, which ultimately was the drug quantity that was determined for sentencing. And I also believe it's the case that the actual amount of methamphetamine was, in fact, used for sentencing and not the mixture and quantity amount. What about the, I think Appellant makes an argument that the government used an unreliable informant, Miguel, to entrap her into selling the 10.5. How should we look at that? Well, Your Honor, here is an area where I think it would be helpful to point out, again, what the standard of review here, which is, it's clearly erroneous is the standard of review here. It was a factual determination by the district court who looked at all of these facts, who looked at the tapes, who looked at the record, and in the course of the record shows quite some familiarity with the accusations concerning Miguel. Even at the resentencing after this court's Booker remand, the court remembers the name Miguel and engages with the defendant in a dialogue about Miguel's activities, and the court simply says, it doesn't really matter whether Miguel was unreliable, given that you were ready and willing to complete this transaction. So the government would submit that this is an area where those findings by the district court, those factual findings, were not clearly erroneous. The court was familiar with the record and considered it, and this court should defer to those factual findings and affirm the sentence. Now, assuming that the defendant does not prevail on the sentencing entrapment argument, the defendant is still urging that there should be some other way to get around the 120-month statutory minimum. Do you see any reason to wait for Zavala and Hardy and anything along those lines, or is this, you know, how do you respond to this argument on that? Your Honor, we would submit that this record is ripe for affirmance and it is not affected by the decision in Zavala and McCarty. The Ninth Circuit has said in a couple of cases, and other circuit courts have said that Booker simply doesn't apply to mandatory minimums, and we would submit that that's the correct determination. There is a statutory mandatory minimum that applies in this case. I think it's an open question whether the court even has authority to go under it with respect to sentencing entrapment, but we don't ask the court to reach that issue here. Sentencing entrapment was addressed below and is ripe here for this court to determine. And so we'd simply say that here the mandatory minimum applies, the court found that, and there's no reason why Booker should be able to come in and trump that determination, or why 3553A, which is one statute, should be used to override another statute, which is 841 in this case, which prescribes the mandatory minimum. Thank you. If the court has no further questions, I hope the government would submit. Thank you, Your Honor. I would just make one final point just with respect to the sentencing entrapment. I think that there is a difference between entrapment and sentencing entrapment, and that is critical in this case, and it's not just the predisposition, but it's how we get to that high amount. And I think if you read those cases, Naranjo and Ryu, I'm not sure if I'm pronouncing it correctly, they talk about that particular issue, and that it's not really whether you're predisposed to commit the crime, but what the government does to get this huge quantity up, which is what affects sentencing. And I would submit. Thank you. Counsel, we appreciate the argument. Figaro is submitted.
judges: Gibson , Fisher, Callahan.